┌─────────────────────────────────────────────────────────────┐
**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.
└─────────────────────────────────────────────────────────────┘

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1756-24

STARMARK FINANCIAL, LLC,

    Plaintiff-Respondent,

v.

ISAAC MATARA,

    Defendant-Appellant.

_____

Submitted April 22, 2026 – Decided May 22, 2026

Before Judges Smith and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4190-23.

Isaac Matara, self-represented appellant.

Respondent has not filed a brief.

PER CURIAM

    Defendant Isaac Matara appeals from two Law Division orders granting summary judgment in favor of plaintiff Starmark Financial, LLC. Plaintiff's

action sought recovery of a debt resulting from defendant's breach of a loan obligation. On appeal, defendant contends that plaintiff failed to establish its entitlement to the judgment entered by the motion court. After our review, we affirm the grant of summary judgment and the amount found due and owing to plaintiff.

Defendant obtained a loan in the amount of $49,440 from Figure Lending by means of a written agreement made on November 24, 2021. Plaintiff later purchased the debt as evidenced by a Loan Purchase Agreement. Defendant made one payment against the debt and, thereafter, defaulted on his financial obligation. Plaintiff sued to recover the balance of the funds. Defendant did not dispute the allegation and attempted to settle the matter with the original lender. Those efforts were not successful, and no payments were made either against the original debt or under the terms of the purported settlement.

Plaintiff moved for summary judgment, which was opposed by defendant. In an oral opinion following the parties' arguments, the trial court applied the correct standard, granted plaintiff's requested relief and entered judgment against defendant for $48.205.30.

A-1756-24

On appeal, defendant argues that the court erred in considering and granting summary judgment to plaintiff because plaintiff's brief was not properly supported as required by court rules and should have been dismissed. Similarly, defendant contends that the court erroneously granted summary judgment based on a "defective" motion, in which plaintiff submitted improper sur-reply documents that deprived defendant of an opportunity to respond. Finally, defendant asserts that the trial court erroneously granted summary judgment because plaintiff did not meet its burden.

Our review of a trial court's grant of a motion for summary judgment is de novo. Christakos v. Boyadjis, 262 N.J. 447, 462 (2026). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. (quoting Padilla v. Young Il An., 257 N.J. 540, 547 (2024)). A motion for summary judgment will be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (quoting R. 4:46-2(c)).

3

Defendant contends the trial court erred because there is a material dispute as to the amount of debt he owes plaintiff. We disagree.

Defendant admitted his indebtedness, established through his written agreement with Figure Lending, and acknowledged the efforts he took to compromise that loan. The record is devoid of any documentation pertaining to any agreement to settle the debt either with Figure Lending or with plaintiff as its assignee. Defendant similarly does not contest the loan purchase agreement transferring ownership of the debt to plaintiff. Consequently, plaintiff is entitled to the judgment for the amount that was due.

To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1756-24